# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MOHAMED HASSAN BARKA,

                Petitioner,

     vs.

CHIEF COUNSEL D.H.S FOR THE DISTRICT OF NEVADA

            Respondent.

Case No.: 2:25-cv-01781-GMN-MDC

**ORDER GRANTING MOTION TO EXTEND TIME (SECOND REQUEST) TO FILE RESPONSE TO HABEAS PETITION**

     Pending before the Court is the Motion to Extend Time to File a Response to Petition for Habeas Corpus (Second Request), (ECF No. 10), filed by Respondent Chief Counsel D.H.S. for the District of Nevada. For good cause appearing, the Court **GRANTS** the Second Motion to Extend Time to File a Response to Petition for Habeas Corpus but will grant no further extensions.

     Under Federal Rule of Civil Procedure 6(b)(1), a court may extend the time to file documents for "'good cause,' a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests made for an extension of time before the applicable deadline has passed should "normally. . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)).

     Respondent filed the instant motion on November 20, 2025, the day that its Response was due, arguing that another extension is necessary because they have yet to obtain "the documents from DHS" that are needed to "respond fully to the Petition." (*See* Mot. Extend Time Second Request 2:27–28, ECF No. 10). Specifically, Respondent asks for a six-day extension of the time to file a Response to the Petition for Writ of Habeas Corpus, (ECF No. 6).

The Court finds no evidence of bad faith on the part of Respondent in the record, and this second extension will not prejudice Petitioner.  However, consecutive extensions of deadlines risk prolonging the case and severely prejudicing Petitioner, especially given the gravity of the alleged violations.  Accordingly, the Court GRANTS this Motion to Extend Time but cautions that no further extensions will be granted.

Additionally, this court finds Petitioner has established a *prima facie* case for relief under *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001), and that ordering Respondent to produce documents reflecting the basis for Petitioner's detention is necessary for the Court to "dispose of the matter as law and justice require." *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243).

To that end, Respondent must file with its Response any documents referenced or relied upon in its responsive pleading.  If Respondent's asserted basis for detention is reflected in any documents in its possession, including, but not limited to, an arrest warrant, Notice to Appear, Form-286, and/or Form I-213 relevant to Petitioner's arrest, detention, and removal proceedings, Respondent must so indicate and file said documents with its pleading. Respondent is granted leave to file any documents containing sensitive personal identifying information or law enforcement sensitive information with redactions or under seal, in accordance with Local Rule IA 10-5.  If no such documents exist to support the asserted basis for detention, Respondent must indicate that in their return.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's Second Motion to Extend Time to File Response to Petition for Habeas Corpus, (ECF No. 10), is **GRANTED**.  Respondents must file

a Response no later than November 26, 2025, and must file any documents referenced or relied upon in its Response.  **No further extensions will be granted.**

      **DATED** this __21__ day of November, 2025.

                                        _____

Gloria M. Navarro, District Judge
United States District Court